IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES PATRICK LANCASTER                                    PLAINTIFF

v.                           No. 4:20-cv-407-DPM

STARK LIGON, CATHLEEN
COMPTON, EDWARD ADCOCK,
DANIEL HANCOCK, MIKE
LANCASTER, BRYCE BREWER                                    DEFENDANTS

ORDER

1.     This case is about the handling of an estate in the probate division of the Pulaski County Circuit Court and other related litigation.  Lancaster alleges that his late-brother John's former lawyer, Edward Adcock, was negligent.  Adcock supposedly did not timely disburse money received from the settlement of a separate federal lawsuit, which resulted in John then being unable to get sufficient medical care.  Lancaster says this was "unconstitutional medical neglect."  He also alleges that Adcock and the others sued here conspired to take reimbursement funds, perjuring themselves in the process, in order to deprive him of property he was due from the probate of John's estate. *Doc. 2.* Those other defendants are the Director of the Arkansas Committee of Professional Conduct, the Circuit Judge who presided over the probate proceeding, the personal representative of John's estate, and the lawyers involved in the various cases.

2. There are some threshold issues. Circuit Judge Compton is the wife of U.S. District Judge Billy Roy Wilson of this Court. I've considered whether my impartiality could reasonably be questioned in these circumstances, 28 U.S.C. § 455(a), and decided that I can sit on this case. Lancaster moves to disqualify Jeff Priebe, a lawyer for one of the defendants, because his wife works for this Court. That motion is denied. Sarah Priebe is a *pro se* law clerk working under the direct supervision of Magistrate Judge Beth Deere. Neither one has had anything to do with this case. And neither one will work on it. Because I serve as Chief Judge, Sarah Priebe ultimately reports to me. That indirect link is likewise too attenuated to call my impartiality into question.

Lancaster's motions for default judgment against Hancock and Adcock are denied. The green card reflecting service is not signed. Instead, the signature line of the card reads "Covid 19" with no indication who wrote that phrase or whether service was even completed. Service was therefore defective. FED. R. CIV. P. 4(f); ARK. R. CIV. P. 4(f)(1) & (g)(1)(A)(i). The Court deems Defendants Hancock's and Adcock's answer timely filed. Lancaster's motions to show Adcock's unwillingness to answer, to show Adcock is lying, to hold Adcock in contempt, and to inform of changed testimony are all denied.

3. Lancaster's claims fail for three reasons: (1) they are an impermissible collateral attack on a state court's judgment, which this Court may not hear; (2) he has not stated a valid claim upon which relief may be granted; and (3) one defendant is immune from suit.

Unhappy with how John's federal case settled and with the later probate of John's estate, Lancaster challenged those rulings. He sought the return of property and legal fees distributed through probate and pursued having the judges and lawyers involved with those cases sanctioned. His attempts failed. https:// caseinfo.arcourts.gov/ cconnect (*In Re Lancaster*, No. 60PR-17-1143 (probate); *Lancaster v. Estate of John Lancaster*, CV-18-690 (appeal); *Lancaster v. Estate of John Lancaster*, CV-18-993). The Court takes judicial notice of the public records in these state court proceedings. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

Lancaster then began seeking relief in federal court. A version of this same case against these same defendants has twice been dismissed without prejudice by the Honorable Brian S. Miller. *Lancaster v. Adcock*, No. 4:19-cv-144-BSM, *Doc. 4, 5, 8, & 10*; *Lancaster v. Ligon*, No. 4:20-cv-204-BSM, *Doc. 7, 8, & 10*. Each time, Judge Miller concluded that Lancaster failed to establish subject matter jurisdiction or to state a plausible claim for relief.

This federal Court cannot address Lancaster's attack on what the Circuit Court did. The *Rooker-Feldman* doctrine bars "cases brought by

state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *see also Skinner v. Switzer*, 562 U.S. 521, 531-32 (2011). This doctrine is narrow but it bars this case. Lancaster complains about the injuries he sustained from the judgment of the Circuit Court's probate division before he started this case. His suit invites this Court to review and reject the Circuit Court's judgment. This Court cannot do so. *Ibid.*

Even if this Court's *Rooker-Feldman* analysis is mistaken, Lancaster has failed to state a claim. In his papers, Lancaster cites many federal statutes. All but one do not apply. Lancaster has no authority to bring criminal charges. *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009). And the ADA immunity statute, the revenue/voting rights statute, or the tax statute have no legal work to do in this dispute. *Doc. 2 & 30*. The Court construes Lancaster's papers as asserting a civil rights claim under 42 U.S.C. § 1983.

Lancaster contends that the Defendants violated his right to be free from fraud and public corruption by conspiring to deprive him of his inheritance and perjuring themselves in the process. His argument is fanciful. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). His allegation that those same actions constitute "unconstitutional medical neglect" is not a plausible claim under § 1983. A person can seek redress for a

death in certain circumstances under § 1983. But his motion to remove state liens and request that this Court consider § 1983 a "federal wrongful death statute," so he can challenge the disbursement of probate funds, is legally unsound.

Last, Judge Compton has immunity in the circumstances alleged. Lancaster sues her for actions she took while presiding over, and ultimately deciding, the probate of John's estate. Judge Compton enjoys absolute immunity from suit for these actions. *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

\* \* \*

Director Ligon's, Judge Compton's, and Brewer's motions to dismiss, *Doc. 17 & 23*, are granted. Lancaster's motions for default judgment against Hancock and Adcock, *Doc. 25 & 26*, are denied. Lancaster's motions to remove state liens, *Doc. 30*, to disqualify counsel, *Doc. 32*, to show Adcock's unwillingness to answer, *Doc. 33*, to show Adcock is lying, *Doc. 36*, to hold Adcock in contempt, *Doc. 38*, to inform of changed testimony, *Doc. 41*, to show cause for deliberate indifference, *Doc. 42*, to strike, *Doc. 43 & 44*, for default, *Doc. 46 & 49*, and for a writ of scire facias, *Doc. 50*, are all denied. Lancaster's complaint will be dismissed as barred by *Rooker-Feldman* and for failing to state a claim under § 1983.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

*17 August 2020*